# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| TINA M. TWEEDLE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 4:18-cv-00054-PK<br><br>Magistrate Judge Paul Kohler |

Before the court is Tina M. Tweedle's ("Plaintiff's") appeal of the Commissioner's final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, *see id.* §§ 1381-1383f. The court held oral arguments on May 15, 2019.

## **BACKGROUND**

Plaintiff alleges disability due to various physical impairments. In April 2015, Plaintiff applied for DIB and SSI, alleging disability beginning on April 30, 2013.[1] Plaintiff's applications were denied initially and upon reconsideration.[2] On August 5, 2015, Plaintiff

---

[1] *See* docket no. 6, Administrative Record ("Tr. ___") 17.

[2] *See* Tr. 17.

requested a hearing before an Administrative Law Judge ("ALJ"),[3] and that hearing was held on July 14, 2017.[4] On December 12, 2017, the ALJ issued a written decision denying Plaintiff's claim for DIB and SSI.[5] On July 7, 2018, the Appeals Council denied Plaintiff's request for review,[6] making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. §§ 404.981, 416.1481.

On August 23, 2018, Plaintiff filed her complaint in this case.[7] The Commissioner filed her answer and the administrative record on October 18, 2018.[8] On October 23, 2018, both parties consented to a United States Magistrate Judge conducting all proceedings in the case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit.[9] Consequently, this case was assigned to Magistrate Judge Kohler pursuant to 28 U.S.C. § 636(c) and rule 73 of the Federal Rules of Civil Procedure.[10] *See* 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

---

[3] *See* Tr. 17.

[4] *See* Tr. 36-98.

[5] *See* Tr. 17-24.

[6] *See* Tr. 1-5.

[7] *See* docket no. 1.

[8] *See* docket nos. 5-6.

[9] *See* docket no. 17.

[10] *See Id.*

Plaintiff filed her opening brief on January 24, 2019.[11] The Commissioner filed her answer brief on February 21, 2019.[12]

**STANDARD OF REVIEW**

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted). The Commissioner's findings, "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084 (quotations and citation omitted). "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]." *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quotations and citation omitted).

A five-step evaluation process has been established for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process). If a

---

[11] *See* docket no. 14.

[12] *See* docket no. 16.

determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that his impairments would have more than a minimal effect on his ability to do basic work activities, he is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.

*Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(i)-(ii), 416.920(a)(4)(i)-(ii).

"Step three determines whether the impairment is equivalent to one of a number of listed impairments that . . . are so severe as to preclude substantial gainful activity . . . . If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ." *Williams*, 844 F.2d at 751 (quotations and citations omitted); *see* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). At the fourth step, the claimant must show that the impairment prevents performance of his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). "If the claimant is able to perform his previous work, he is not disabled." *Williams*, 844 F.2d at 751. If, however, the claimant is not able to perform his previous work, he "has met his burden of proof, establishing a prima facie case of disability." *Id*.

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step." *Id*. At this step, the burden of proof shifts to the Commissioner, and the decision maker must determine "whether the claimant has the residual functional capacity [("RFC")] . . . to perform other work

4

in the national economy in view of his age, education, and work experience." *Id.*; *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If it is determined that the claimant "can make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is not disabled. If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), he is disabled and entitled to benefits.

## ANALYSIS

The ALJ evaluated Plaintiff's case through step four, making the following findings:

1. Plaintiff "meets the insured status requirements" and "has not engaged in substantial gainful activity.[13]" In other words, Plaintiff met step one.

2. Plaintiff "has the following severe impairments: degenenerative dis[sic] disease of cervical and lumbar spine and obesity.[14]" In other words, Plaintiff met step two.

3. Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments.[15]" In other words, the ALJ's evaluation of step three must include residual functional capacity.
    a. Plaintiff "has the residual functional capacity to perform light work.[16]" In other words, the evaluation must move to step 4.

4. Plaintiff "is capable of performing past relevant work as a collector, credit clerk, and manager of credit and collections[17]." In other words, Plaintiff failed at step four.

---

[13] *See* Tr. 19-20.

[14] *See* Tr. 20.

[15] *See* Tr. 20.

[16] *See* Tr. 21.

[17] *See* Tr. 23.

Among other things, Plaintiff argues that the ALJ misstated or misconstrued the record as it pertains to Plaintiff's physical therapy.[18] The court agrees. That issue is dispositive of Plaintiff's appeal because it mandates reversal. Accordingly, the court will address only that argument here and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003); *see also Gilbert v. Astrue*, 231 Fed. App'x 778, 785 (10th Cir. 2007) ("In light of the remand of this case, we do not reach the remainder of [the plaintiff's] claims on appeal . . . .").

Specifically, while evaluating Plaintiff's residual functional capacity, the ALJ discounted the severity of Plaintiff's claimed pain, in part, by noting that she "showed for only one physical therapy appointment for her back.[19]" In other words, according to the ALJ, Plaintiff's claim that "physical therapy failed to provide any lasting relief[20]" was incredible given that she attended only one physical therapy session.

It is true that Plaintiff attended only one physical therapy session with Dixie Regional Rehabilitation.[21] The ALJ erred, however, in attacking Plaintiff's credibility based on that physical therapy clinic alone. The record shows that Plaintiff attended many more physical

---

[18] *See* Def. Br. 21-22.

[19] *See* Tr. 22.

[20] *See* Tr. 22.

[21] *See* Tr. 388.

therapy sessions at Physical Medicine LLC under the care of Dr. Root[22] and possibly others.[23] Plaintiff attempted to explain that to the ALJ during the hearing[24]--apparently to no avail. Such oversight or misunderstanding of the record appears to have colored at least the ALJ's assessment of Plaintiff's credibility and Plaintiff's residual functional capacity.

The ALJ noted that he carefully considered all of the evidence and all of the record.[25] And, generally, a reviewing court may take an ALJ at his word. *Hackett v.* Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005). However, the "record must demonstrate that the ALJ considered all of the evidence." *Clifton v.* Chater, 79 F.3d 1007, 1009-1010 (10th Cir. 1996). In this case it appears the ALJ either did not consider all of the record, or confused the issue by understating the amount of physical therapy Plaintiff underwent. And, "[w]here the record on appeal is unclear as to whether the ALJ applied the appropriate standard by considering all the evidence before him, the proper remedy is reversal and remand." *Baker v. Bowen*, 886 F.2d 289, 291 (10th Cir. 1989)(citing *Williams v. Bowen*, 844 F.2d 748 (10th Cir. 1988). Accordingly, the court concludes that the ALJ's failure to consider all of Plaintiff's physical therapy records, or the failure to make the record clear that he did so, constitutes reversible error.

---

[22] *See* Tr. 393-450.

[23] *See* Def. Br. 22.

[24] *See* Tr. 86-88.

[25] *See* Tr. 18-19.

## **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that the ALJ failed to consider all of the evidence, or failed to make the record clear that he did so.  Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **REVERSED AND REMANDED**.

**IT IS SO ORDERED**.

DATED this 10th day of June 2019.

BY THE COURT:

_____
PAUL KOHLER
United States Magistrate Judge